1   Anna Hsia (SBN 234179)
2   anna@zwillgen.com
    ZWILLGEN LAW LLP
3   369 Pine Street, Suite 506
4   San Francisco, CA 94104
    Telephone: (415) 590-2341
5   Facsimile: (415) 636-5965

6
7   Attorneys for Defendant
    Cerebral Inc.
8

9

10                  UNITED STATES DISTRICT COURT
11                  CENTRAL DISTRICT OF CALIFORNIA

12  | STACIA CULLORS, ERIC EBERLE, | Case No. |
13  | MAGGIE HARRISON, NICOLE | |
    | SCURLOCK DEWEY, MERCEDES | DEFENDANT CEREBRAL INC.'S |
14  | SCHROEDER, and PATRICIA ANNE | NOTICE OF REMOVAL TO THE |
15  | CRAWFORD, individually and on | UNITED STATES DISTRICT |
    | behalf of all others similarly situated, | COURT FOR THE CENTRAL |
16  | | DISTRICT OF CALIFORNIA |
17  | Plaintiffs, | |
18  | v. | 28 U.S.C. §§ 1332, 1441, 1446, 1453 |
19  | CEREBRAL, INC., and DOES 1 through | Los Angeles County Superior Court |
20  | 10 inclusive, | Case No. 22STCV35155 |
21  | Defendants. | |

22

23

24

25

26

27

28

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA; PLAINTIFFS STACIA CULLORS, ERIC EBERLE, MAGGIE HARRISON, NICOLE SCURLOCK DEWEY, MERCEDES SCHROEDER, AND PATRICIA ANNE CRAWFORD; AND PLAINTIFFS' ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453, Defendant Cerebral, Inc. ("Cerebral") hereby removes this action from the Superior Court of the State of California for the County of Los Angeles to the United States District Court for the Central District of California. In support of this notice of removal, Cerebral states as follows:

## I.     PLAINTIFFS' PUTATIVE CLASS ACTION COMPLAINT

1.      This matter was filed on behalf of six individuals from six different states, all of whom take issue with various promises allegedly made by Cerebral—a subscription-based telehealth company—to its customers.

2.      Among other issues, Plaintiffs Stacia Cullors, Eric Eberle, Maggie Harrison, Nicole Scurlock Dewey, Mercedes Schroeder, and Patricia Anne Crawford (collectively, the "Plaintiffs") contend that Cerebral "made a series of promises to its customers, which it did not intend to keep, in an attempt to get these individual[s] . . . to sign up for its services and pay hefty amounts of money." (Compl. ¶ 25.)[1] These purportedly false representations include, for example: (i) promises to provide subscribers with "access to prescriber visits, therapy, counseling and prescriptions to help with anxiety, depression, insomnia, ADHD and more mental health services," (*id.* ¶¶ 25-26), (ii) promises that subscribers could easily cancel their accounts, (*id.* ¶¶ 25, 29, 31); and (iii) a failure to disclose that most of Cerebral's prescribers "are nurse practitioners from specialties outside of mental health," (*id.* ¶ 24). Each of the

---

[1]     A copy of Plaintiffs' initial case materials is attached hereto as Exhibit A. This includes a document reflecting Plaintiffs' service of the complaint, the summons, and the Plaintiffs' class action complaint (the "Complaint" or "Compl.").

1    Plaintiffs allege that had they known of Cerebral's actual (as opposed to advertised)

2    business practices, neither they nor any member of their proposed Class would have

3    signed up or paid for a Cerebral subscription. (*Id.* ¶¶ 28, 42, 47, 55, 64, 75, 82.)

4         3.    Plaintiffs seek relief for themselves and a nationwide class of Cerebral

5    customers—along with state-specific California, Washington, Florida, Michigan, and

6    Maryland classes—under an assortment of common law theories of liability (including

7    for breach of contract and the implied covenant of good faith and fair dealing,

8    negligence, fraud, and unjust enrichment), under California's Unfair Competition

9    Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.*, and under California's False

10   Advertising Law, Cal. Bus. & Prof. Code §§ 17500, *et seq.* (*Id.* ¶¶ 84-85 (class

11   definitions), 88-153 (causes of action).)

12        4.    Given Plaintiffs' allegations that they would not have paid Cerebral any

13   fees or signed up had Cerebral not misrepresented, concealed, or omitted information

14   about its business, they seek various forms or relief, including (i) the recovery of the

15   subscription fees paid by Plaintiffs and every member of the putative nationwide

16   Class, (ii) actual or compensatory damages, (iii) restitution, (iii) disgorgement of

17   profits, (iv) punitive damages, (v) attorneys' fees, and (vi) declaratory and injunctive

18   relief. (*Id.* at ¶¶ 93-94, 99, 104, 116-17, 137-38, 141-42, 153, 154.)

19   **II.    REMOVAL IS TIMELY**

20        5.    This action was filed on November 4, 2022, in the Superior Court of the

21   State of California for the County of Los Angeles. (Ex. A at 3 (Summons).)

22        6.    Plaintiffs first served this action on Cerebral through its registered service

23   agent on November 17, 2022. (Ex. A at 1 (Service of Process Notification).)

24        7.    Because Cerebral filed this notice of removal within 30 days following

25   its receipt of the Complaint, removal is timely. 28 U.S.C. § 1446(b)(1).

26

27

28

DEFENDANT CEREBRAL INC.'S NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR
THE CENTRAL DISTRICT OF CALIFORNIA

## III. THIS ACTION IS REMOVABLE UNDER THE CLASS ACTION FAIRNESS ACT

8. "Congress designed the terms of CAFA specifically to permit a defendant to remove certain class or mass actions into federal court [and] intended CAFA to be interpreted expansively." *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015). CAFA was enacted "to facilitate adjudication of certain class actions in federal court," and thus "CAFA's provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014) (citing *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 595 (2013)). Any class action falling under CAFA may be removed to a federal district court in accordance with 28 U.S.C. § 1446 by any defendant. 28 U.S.C. § 1453.

9. Federal diversity jurisdiction exists over this removed action under CAFA, 28 U.S.C. § 1332(d). Section 1332(d) provides that the United States District Courts have original jurisdiction over any class action: (1) involving a plaintiff class of 100 or more members; (2) in which the matter in controversy exceeds (in the aggregate) the sum or value of $5,000,000, exclusive of interest and costs; and (3) where at least one member of the plaintiff class is a citizen of a State different from any defendant. *See* 28 U.S.C. § 1332(d)(2)(A) & 5(B). Each CAFA requirement is met here.

### A. Plaintiffs' Complaint Is a "Class Action" Under CAFA and Includes More Than 100 Members.

10. CAFA jurisdiction applies to class actions where "the class has more than 100 members." *Cantaro Castillo v. W. Range Ass'n*, 777 F. App'x 866, 868 (9th Cir. 2019). Under CAFA, a class action is "any civil action filed under [R]ule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure." 28 U.S.C. § 1332(d)(1)(B); *id.* § 1453(a), (b). "The term 'class members' means the persons (named or unnamed) who fall within the definition of the proposed or certified class in a class action." 28 U.S.C. § 1332(d)(1)(D).

3

11.     Here, this case is a "class action" under CAFA because Plaintiffs bring their case as a class action under California Code of Civil Procedure § 382, (Compl. ¶ 83), which authorizes an action to be brought by representative persons as a class action.

12.     Further, the nationwide Class alleged here has more than 100 members. Plaintiffs seek to represent a nationwide Class of individuals that were dissatisfied with Cerebral's services and who, according to Plaintiffs, never would "signed up or paid for a Cerebral subscription" had they known that Cerebral's business practices were not as advertised. (Compl. ¶¶ 42, 47, 55, 64, 75, 82, 84-85.) They also allege that the number of class members in just one county "easily exceed[s]" any applicable numerosity requirement. (Compl. ¶ 86.k.)

13.     While Cerebral denies that this case is suitable for class treatment, CAFA's 100-person threshold is easily met. Cerebral has paying customers in every state and, accepting Plaintiffs' allegations about the number of class members in a single county as true, Plaintiff's nationwide class includes well over 100 members. *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 922 (9th Cir. 2019) (quoting *Ibarra*, 775 F.3d at 1197) ("[A] removing defendant's notice of removal 'need not contain evidentiary submissions' but only plausible allegations of the jurisdictional elements.").

14.     Cerebral's business records support this conclusion. While Plaintiffs' class definitions make it difficult to pin down exactly who would be included in the class, Cerebral assumes that the putative classes would include, at bare minimum, individuals who canceled within the first month of their subscription.[2] Using that baseline presumption, Cerebral's business records confirm that the number of putative

---

[2]     This is a conservative estimate, given that several of the named Plaintiffs subscribed for multiple months despite their alleged dissatisfaction with Cerebral's services. (*See*, *e.g.*, Compl. ¶¶ 43, 44 (Eberle), 56, 59 (Dewey).)

4

1   class members is well over the 100-person CAFA threshold. (Declaration of Sid Salvi

2   ("Salvi Decl."), attached hereto as Ex. B, at ¶ 3.)

3       **B.     The Amount in Controversy Exceeds $5,000,000.**

4       15.     Under CAFA, the amount-in-controversy requirement is satisfied if the

5   amounts implicated by the claims of the putative class exceed, in the aggregate, $5

6   million, exclusive of interest and costs. 28 U.S.C. § 1332(d)(6). "[A]s specified in

7   § 1446(a), a defendant's notice of removal need include only a plausible allegation

8   that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee*,

9   574 U.S. at 89. When determining the amount in controversy for a particular matter,

10  "a removing defendant is permitted to rely on 'a chain of reasoning that includes

11  assumptions.'" *Arias*, 936 F.3d at 925 (citing *Ibarra*, 775 F.3d at 1199).

12      16.     While denying all liability, Cerebral alleges that, based on the

13  allegations stated in Plaintiffs' complaint, there is more than $5,000,000 in

14  controversy. As Plaintiffs describe, Class members' claims are "based on the same

15  alleged 'across the board' representations" Cerebral made, (Compl. ¶ 86.q.), and

16  corresponding allegations that no Plaintiff or Class member would have paid

17  subscription fees had they known of Cerebral's alleged misrepresentations,

18  concealments, and omissions, (*see*, *e.g.*, *id.* ¶¶ 109-110, 115-116, 130, 140-41).

19  Plaintiffs, in turn, seek the return of those subscription fees under various theories of

20  recovery. (*See*, *e.g.*, *id.* ¶¶ 137, 142, 144.) And here, the subscription payments made

21  by the group of Class members discussed above—i.e., individuals who, purportedly

22  dissatisfied with the services offered by Cerebral, canceled within their first month of

23  subscribing, (*supra* ¶ 14)—exceeds $5,000,000. (Salvi Decl. ¶¶ 2-3.)

24      17.     On top of these amounts, Plaintiffs also seek, *inter alia*, mental and

25  physical damages Class members allegedly suffered, court-supervised injunctive relief

26  (which would be costly for Cerebral to comply with), and attorneys' fees. While these

27  amounts are not necessary to reach CAFA's amount in controversy requirement for

28

DEFENDANT CEREBRAL INC.'S NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR
THE CENTRAL DISTRICT OF CALIFORNIA

the purposes of this Notice (i.e., because the monthly subscription fees at issue are sufficient), they add to the overall amount at issue here. *Fritsch v. Swift Transp. Co. of Arizona, LLC*, 899 F.3d 785, 794 (9th Cir. 2018) (CAFA's amount in controversy requirement "may include damages, costs of compliance with injunctions, and attorneys' fees awarded under contract or fee shifting statutes," including attorneys' fees incurred after removal.). Given the claims, class size, and relief sought here, CAFA's $5,000,000 amount in controversy requirement is met.

### C. The Parties are Minimally Diverse.

18. Diversity of citizenship exists under CAFA if "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

19. The Complaint confirms that the parties are minimally diverse. Cerebral is a citizen of California and Delaware; its headquarters and principal place of business is located in California, (*see* Compl. ¶ 14), and it is organized under the laws of Delaware. The named Plaintiffs—all of whom are members of the putative nationwide class—allege that they are citizens of California, Washington, Florida, Michigan, and Maryland. (*Id.* ¶¶ 8-13.) Because at least one putative class member is a citizen of a state different than Cerebral, CAFA's diversity requirement is met.

### IV. VENUE

20. Plaintiffs filed their Complaint in the Superior Court of the State of California for the County of Los Angeles, which is located within the Central District of California. 28 U.S.C. § 84(c)(2). This Notice of Removal is thus properly filed in this Court pursuant to 28 U.S.C. § 1441(a), 1446(a), and 1453(b).

### V. NOTICE

21. 28 U.S.C. § 1446(a) requires that copies of all pleadings, process, and orders served upon the removing defendant in the state court action be attached to the Notice of Removal. These materials are attached to this Notice as Exhibit A.

1    22.    Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal shall

2    be contemporaneously filed with the Clerk of the Superior Court of the State of

3    California for the County of Los Angeles and served upon Plaintiffs.

4
5    **WHEREFORE,** pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446, 1453,

6    Defendant Cerebral Inc. respectfully removes this action from the Superior Court of

7    the State of California for the County of Los Angeles, to this Honorable Court, the

8    United States District Court for the Central District of California.

9
10   Dated: December 16, 2022              ZWILLGEN LAW LLP

11
                                          By:   /s/ Anna Hsia
12                                              Anna Hsia
13                                              anna@zwillgen.com

14                                              Attorney for Defendant
15                                              Cerebral Inc.

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT CEREBRAL INC.'S NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR
THE CENTRAL DISTRICT OF CALIFORNIA

# PROOF OF SERVICE

I am a citizen of the United States; I am over the age of eighteen years, and not a party to the within action; my business address is ZwillGen PLLC, 1900 M Street NW, Suite 250, Washington, D.C. 20036.

On December 16, 2022 I served a true and correct copy of the following document(s): **DEFENDANT CEREBRAL INC.'S NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA** on the following person(s) in this action:

Azar Mouzari
Nilofar Nouri
BEVERLY HILLS TRIAL ATTORNEYS, P.C.
468 N. Camden Drive, Suite 238
Beverly Hills, California 90210
Email: azar@bhtrialattorneys.com
Email: nilofar@bhtrialattorneys.com

*Attorneys for Plaintiffs*

☒    **(MAIL)** By placing a true copy thereof enclosed in a sealed envelope(s), addressed as above, and placing each for collection and mailing on that date following ordinary business practices. I am readily familiar with my firm's business practice of collection and processing of correspondence for mailing with the U.S. Postal Service and correspondence placed for collection and mailing would be deposited in the U.S. Postal Service at Greenbelt, MD, with postage thereon fully prepaid, that same day in the ordinary course of business.

☒    **(E-MAIL OR ELECTRONIC TRANSMISSION ONLY)** by transmitting a true copy of the foregoing document(s) to the email addresses set forth as stated above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare that I am employed in the office of a member of the bar of this court at whose direction service was made.

Executed on December 16, 2022 at Greenbelt, MD.

_____
Jamie Moses

DEFENDANT CEREBRAL INC.'S NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA