UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STACIA CULLORS, et al.,<br>    Plaintiffs,<br><br>        v.<br><br>CEREBRAL, INC.,<br>    Defendant. | CV 22-9143 DSF (PDx)<br><br>Order DENYING Motion to Remand (Dkt. 13) |

    Defendant Cerebral, Inc. removed this case based on the Class Action Fairness Act (CAFA). Plaintiffs now move to remand, arguing that Defendant cannot establish that the amount in controversy exceeds $5,000,000. The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78; Local Rule 7-15.

    The complaint does not specify an amount demanded, and Defendant has made certain assumptions in support of its argument that the amount in controversy is more than $5,000,000. When a Defendant attempts to establish the amount in controversy this way, it has the burden of proving by a preponderance of the evidence that its assumptions are reasonable. Harris v. KM Indus., Inc., 980 F.3d 694, 701 (9th Cir. 2020). However, a defendant is not required to make the plaintiff's case for it – *i.e.*, a defendant is not required to establish that it is likely that the plaintiff will actually recover an amount in excess of the jurisdictional threshold. Id. When evaluating the issue,

> [t]he district court should weigh the reasonableness of the removing party's assumptions, not supply further assumptions of its own. After considering any evidence put

forth by the parties, and assessing the reasonableness of the defendant's assumptions, "the court then decides where the preponderance lies."

Id.

The product at issue is a subscription-based telehealth mental health service. Plaintiffs claim that Defendant did not provide the services promised or did not provide them in a competent fashion. The proposed nationwide class is defined as:

> All persons in the United States who purchased a Cerebral subscription from Cerebral's website or mobile app and who i) did not receive diligent mental-health care including regular assessments, regular appointments with prescribers and counselors, and competent medication management and/or ii) were charged for subscription services without receiving the promised mental health services.

Compl. ¶ 84.

Defendant argues that this class definition and the underlying claims do not limit in any meaningful way the number of Defendant's subscribers that might be at issue. The Court agrees. Plaintiffs allege that Defendant had a practice of promising services and results that it did not and would not provide to its subscribers. See Compl. ¶¶ 20, 25-26. The complaint does not say or imply that there was some class of subscribers who did receive what was promised. Plaintiffs argue that because the class is defined, essentially, as Defendant's customers who have meritorious claims in this action, there are some of Defendant's customers who might have received the care promised and are not at issue. But this runs afoul of the general principle that a defendant is not required to prove a plaintiff's case for it when establishing the amount in controversy. The actual allegations strongly imply, if not outright state, that it was Defendant's policy not to provide the care promised and it is reasonable to assume – especially in the context of a

2

proposed class action – that this policy was applied in a widespread manner to Defendant's customers.

In this context, the Court finds by a preponderance of the evidence that it is reasonable to assume that any subscriber who cancelled the service within a short time – a month or two as suggested by Defendant – is potentially at issue in the case because a quick cancellation implies that the subscriber was unhappy in some way with the services provided. Defendant provides evidence that the subscription fees paid by subscribers who cancelled within a month exceeds the $5,000,000 jurisdictional amount and cancellations within two months exceeds $10,000,000.

Plaintiffs challenge the evidence submitted to prove this amount as insufficient. Defendant has provided a declaration from an employee, Sid Salvi, stating that he has reviewed Defendant's business records and those records show that "[s]ince Cerebral's inception in 2020, the amount of subscription fees paid by Cerebral users who canceled their Cerebral account in the first month of subscribing is more than $5,000,000" and "[s]ince Cerebral's inception in 2020, the amount of subscription fees paid by Cerebral users who canceled their Cerebral account in the second month of subscribing is more than $10,000,000." Salvi Decl. ¶¶ 3-4. Plaintiffs complain that "at no point does Mr. Salvi indicate what factors are included or excluded from his consideration, nor does he provide any details about how the computation of total subscription fees is obtained other than stating that they are 'more than' $5 million and $10 million." Opp'n at 3. Plaintiffs argue that Defendant should have specified "how the data cited by the declarant was compiled, what underlying data was expressly included/excluded in the computation and how the amounts were generated." Id.

But this is not a complicated calculation and it is obvious how the amounts would have been compiled. Salvi says that he consulted Defendant's business records to retrieve the information he relies on. This implies that the records show when subscribers cancelled their memberships from which it can be ascertained how many subscribers cancelled their memberships in one or two months, and how much in

3

subscription fees they paid. This is basic business information that any sophisticated business of any size would maintain. There is no reason to remand a case because the declarant did not spell this information out in detail.

The motion to remand is DENIED.

IT IS SO ORDERED.

Date: February 23, 2023

_____
Dale S. Fischer
United States District Judge